**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STEPHEN OKENWA,

Petitioner,

v.

FERETI SEMAIA, in his official capacity as Warden of Adelanto West ICE Processing Center,

Respondent.

No. 5:26-cv-5907 DSR

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DISCHARGING ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

## 1. INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus by self-represented Petitioner Stephen Okenwa. See Doc. No. 1. The parties have voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. Nos. 4, 12. After considering the verified Petition and Respondent's Answer thereto, the Court **GRANTS** the Petition and issues the Writ, as discussed further below. The Court therefore also **DISCHARGES** the Order to Show Cause re Preliminary Injunction set for hearing on October 16, 2026, and **VACATES** that hearing.

## 2. BACKGROUND

### A. Factual Background

The background facts, drawn from the uncontroverted allegations in the verified Petition, are set out in the Court's October 9, 2026, Order Granting Ex Parte Application for Temporary Restraining Order. See Doc. No. 13 (hereinafter

"Temporary Restraining Order"). Since the entry of that Order, Respondent has filed an Answer to the Petition, but that Answer is limited to the assertion that this case is now moot. Respondent does not contest any of the factual allegations in the verified Petition. Those facts therefore remain uncontroverted, and rather than repeating them here, the Court incorporates here by this reference the recitation of facts in Part 2.A of the Temporary Restraining Order.

Since issuance of that Temporary Restraining Order, and in compliance with that Order, Respondent released Petitioner from custody on October 9, 2026. See Answer (Doc. No. 15) at 1.

**B. Procedural Background**

The Petition was filed on Friday, October 2, 2026, and entered on the Docket Tuesday, October 6th. See Court Docket. Concurrently with the Petition, Petitioner also filed an Ex Parte Application for Temporary Restraining Order. See Doc. No. 6. Pursuant to General Order 26-05, the Clerk of Court served the Petition and Ex Parte Application on Respondent, along with a Notice of General Order 26-05, on October 6, 2026. See Doc. No. 8.

Also on October 6th, the Court entered an Order directing "Respondent to file any Opposition to Petitioner's Ex Parte Application by no later than Wednesday, October 7, 2026." See Doc. No. 10. Respondent did not file an Opposition to the Application for Temporary Restraining Order. On October 9th, the Court granted Petitioner's Ex Parte Application and entered the Temporary Restraining Order. See Doc. No. 13. Therein, the Court ordered Respondent to release Petitioner immediately from immigration custody, subject only to the conditions of his prior release before being re-detained on May 18, 2026, and temporarily enjoined and restrained Respondent from revoking Petitioner's release and re-detaining him unless and until he receives adequate notice and a hearing to determine the legality of such revocation and re-detention. Id. at 13:18-23. The Court also ordered Respondent to show cause at a hearing set for October 16th at

9:00 a.m. why a preliminary injunction should not issue. Id. at 13:24-27. Finally, the Court noted that the Temporary Restraining Order does not alter or suspend the parties' obligations under the standard schedule for briefing the petition for final disposition under General Order 26-05. Id. at 14:1-3.

Pursuant to that standard briefing schedule, Respondent was required to file a Notice of Appearance within three calendar days after the Clerk's office issued the scheduling notice, and to file an Answer to the Petition within 7 calendar days of the issuance of that scheduling notice. See Doc. No. 8 at ECF p. 5, lns. 1-6. Because that scheduling notice was issued on October 6th, Respondent's Notice of Appearance was due October 9th, and his Answer was due October 13th. Respondent filed a Notice of Appearance on October 13th, and an Answer on October 14th. Although Respondent's Answer was not timely filed, the Court has nevertheless considered it. Though Petitioner's time to submit a Reply to that Answer has not yet expired, the Court finds the sole argument raised in Respondent's Answer unpersuasive; thus, it is not necessary to await Petitioner's optional Reply to resolve this Petition.

**3. LEGAL STANDARD**

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, see 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'" Martinez v. Clark, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024). Petitioner makes such reviewable claims here, and Respondent does not contest the point.

## 4. DISCUSSION

### A. Respondent's Detention of Petitioner Violated Due Process

Petitioner contends that his detention violates his Fifth Amendment right to Due Process. See Pet. (Doc. No. 1) at ECF p. 6. Respondent did not oppose that argument on the Application for Temporary Restraining Order, and does not address it in his Answer to the Petition, which was filed after the Court entered its Temporary Restraining Order finding that Petitioner was likely to succeed on that claim. See generally Doc. No. 15. Respondent therefore concedes that Petitioner's May 18, 2026, arrest and resulting detention violated Petitioner's due process rights. See Singh v. Chiang, No. 5:25-cv-030240-FMO-SP, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) ("The court construes the government's failure to address this argument as a concession to petitioner's argument."); Soleimani v. Larose, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) ("By failing to respond to the claims actually asserted, Respondents have conceded the claims.").

The Court therefore confirms its analysis and decision in that regard in the Temporary Restraining Order. In light of Respondent's failure to contest the unlawfulness of Petitioner's detention, Petitioner is no longer only likely to succeed on the merits of his due process claim, he has succeeded on the merits of that claim for the same reasons discussed in the Temporary Restraining Order.

### B. Respondent's Release of Petitioner Under Compulsion of The Temporary Restraining Order Does Not Render the Case Moot

Rather than defend the legality of Petitioner's detention, Respondent asserts in his Answer only that this case is now moot, and should be dismissed, because Petitioner has been released in compliance with the Temporary Restraining Order. See Answer at 1:27-2:1. The Court disagrees with Respondent's contention,

however, and finds that Petitioner's release pursuant to court-ordered temporary injunctive relief does not render the Petition moot.[1]

Mootness is "the doctrine of standing set in a time frame." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000). As Article III courts may only adjudicate actual, ongoing cases or controversies, Deakins v. Monaghan, 484 U.S. 193, 199 (1988), courts do not have jurisdiction to hear a case that is moot, "where no actual or live controversy exists." Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999). "Throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987).

Courts in this District have reached differing conclusions on whether a petitioner's release from custody pursuant to a temporary restraining order or preliminary injunction moots the habeas petition, with the majority of courts seemingly concluding that the preliminary relief does not render the petition moot. Compare Hernandez Trujillo v. Janecka, No. 25-cv-3002-FMO-SSC, 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026) (finding case moot due to petitioner's release) with Cruz v. Lyons, No. 5:25-cv-02879-MCS-MBK, 2025 WL 3443146, at *2 (C.D. Cal. Dec.

---

[1] Respondent's argument that the case is moot because he "has not re-detained Petitioner" Answer at 2:8-10, is particularly unpersuasive. That Petitioner has not been re-detained in the five days since the Court ordered his release says nothing about the risk of re-detention, since such re-detention has been temporarily enjoined by this Court. See Temporary Restraining Order at 13:21-23. If the Court were to dismiss the case as moot, however (as Respondent advocates), that Order would dissolve, leaving Petitioner vulnerable to being arrested and re-detained, once again, without due process of law.

1, 2025) (finding case is not moot); M.V.F. v. Santacruz, No. 2:25-cv-11700-MEMF-E, 2026 WL 127740. At *3-4 (C. D. Cal. Jan. 6, 2026) (same and collecting cases).

This Court believes that the majority position best adheres to mootness principles and governing law. See Y.L.S. v. Santacruz, Jr., No. 5:25-cv-02927-CV-MBK, 2026 WL 734586, at *3 (C.D. Cal. Feb. 5, 2026), report and recommendation adopted, 2026 WL 710388 (C.D. Cal. Mar. 13, 2026). The Supreme Court and the Ninth Circuit have found that a habeas petitioner's claims remain live even after being released pursuant to a temporary restraining order or preliminary injunction. In Nielsen v. Preap, the Supreme Court rejected the suggestion of mootness when "release had been granted following a preliminary injunction," and observed that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention." 586 U.S. 392, 403 (2019). In Rodriguez Diaz v. Garland, the Ninth Circuit rejected the suggestion of mootness on appeal following "the government's compliance with the district court's order" to provide a noncitizen with a bond hearing and the noncitizen's subsequent release on bond. 53 F.4th 1189, 1195 n.2 (9th Cir. 2022). In Rodriguez v. Hayes, the Ninth Circuit held that a petitioner's release on an OSUP did not moot his detention claims because he was subject to ICE's discretionary authority to revoke his release. 591 F.3d 1105, 1117-18 (9th Cir. 2010) (citing Clark v. Martinez, 543 U.S. 371, 376 n.3 (2005)). The Ninth Circuit did deem a habeas petition to be moot following a petitioner's release in Picrin-Peron v. Rison, however, when U.S. Immigration and Naturalization Service ("INS") voluntarily released him (without court-order) and the Director of Los Angeles Field Office of the INS submitted a sworn declaration attesting that the petitioner, absent changed circumstances, would remain on parole. 930 F.2d at 776.

As other decisions from this District have observed, the conclusion that preliminary habeas relief does not moot the petition is consistent with the nature of such relief. The Temporary Restraining Order here, as the name expresses, was

intended to be a temporary measure pending the final adjudication of the Petition (once Respondent had the opportunity to file a formal Answer). See e.g., Im v. Semaia, No. 5:25-cv-2733-JAK-E, 2026 WL 183856, at *1 (C.D. Cal. Jan. 3, 2026) (observing that the preliminary injunction was "ordered as a preliminary remedy designed to preserve the status quo pending a final adjudication of the Petition."); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984) ("A preliminary injunction … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment.") (emphasis added). Such temporary relief would be without legal effect if this case were closed with no further action or judgment. See Rodriguez v. 32nd Legislature of Virgin Islands, 859 F.3d 199, 207 (2d Cir. 2017 ) ("[a] preliminary injunction cannot survive the dismissal of a complaint"); Wyandotte Nation v. Sebelius, 443 F.3d 1247, 1253 n.10 (10th Cir. 2006) (preliminary injunction "is ipso facto dissolved by a dismissal of the complaint or the entry of a final decree in the cause") (quoting Fundicao Tupy S.A. v. United States, 841 F.2d 1101, 1103 (Fed. Cir. 1988)).

Respondent has ceased the concededly unlawful detention and released Petitioner not of his own volition, but because the Court ordered it. Because the Temporary Restraining Order provides no permanent relief, if this case was dismissed as moot without further relief, Respondent would no longer be prohibited from again re-detaining Petitioner without pre-deprivation process. Respondent could then immediately repeat the unlawful conduct without restraint, forcing Petitioner to suffer detention again and necessitating another habeas petition (which could take weeks or months to resolve in light of the present volume of similar cases) to secure his release.

Moreover, contrary to the Respondent's implication (see Answer at 2:25-3:26), the prospect of a future unlawful re-detention is not speculative. "[T]here is no indication that Petitioner's status has changed, and Respondents have not

suggested that they have disavowed their practices or adjusted their policies for re-detaining noncitizens like Petitioner." Min v. Santacruz, No. CV 25-10971-MEMF (AS), 2026 WL 712965, at *3 (C.D. Cal. Mar. 9. 2026), report and recommendation adopted, 2026 WL 1094758 (C.D. Cal. Apr. 22, 2026); M.V.F., 2026 WL 127740, at *3 ("Respondents cite no change in detention practices to support a finding that future detention would abide by the procedural requirements that Petitioner alleges were not met. To that end, the likelihood of future harm to Petitioner, absent a preliminary injunction and a final disposition in his favor, is neither remote nor ephemeral."). Unlike in Picrin-Peron, Respondent has submitted no sworn declaration or other guarantee that any future re-detention of Petitioner will be legally compliant. Accordingly, for this Petitioner, the potential for re-detention is great, such that his court-ordered release does not render the instant Petition moot. See Nielsen, 586 U.S. at 403.

Respondent's position ignores the distinction between preliminary relief and a final judgment and poses troubling consequences for habeas litigation and judicial review. In issuing the Temporary Restraining Order, the Court found (albeit on the basis that Petitioner's Application was unopposed) only that Petitioner had a likelihood of success on the merits. To treat that Order as mooting the case would imply the Court's preliminary findings on the likelihood of success substitute for final disposition on the merits, which is patently inconsistent with Ninth Circuit precedent. See Sierra On-Line, Inc., 739 F.2d at 1422. "Preliminary relief (and TROs, in particular) are frequently decided on extremely short timelines, with limited briefing and incomplete records. If a habeas petitioner's release pursuant to a TRO [or preliminary injunction] mooted their claims, the federal courts would lack jurisdiction to consider whether to issue no or different relief … at final disposition, based on full briefing and a complete record." Farsi v. Mullin, No. 5:25-cv-03275-WLH-MVK, 2026 WL 1045059, at *4 (C.D. Cal. Apr. 10, 2026), report and recommendation adopted sub nom. Farsi v. Noem, 2026 WL 1243642 (C.D. Cal.

May 6, 2026). The likely effect of Respondent's reasoning would be a chilling effect on the issuance of preliminary injunctive relief out of a desire to preserve jurisdiction for a more considered disposition with the benefit of full briefing and a complete record. Consequently, the unlawful detention and prolonged irreparable harm of countless noncitizens would only be prolonged.

Therefore, the Court finds Respondent's mootness argument unpersuasive, and determines instead that it is necessary to make a final (not just a preliminary) determination of this case on its merits. In light of the uncontroverted allegations in the verified Petition, and in the absence of any additional facts or substantive counterarguments from Respondent, the Court finds that Petitioner has shown that his May 18, 2026, arrest and resulting re-detention violated his due process rights. A writ of habeas corpus is therefore appropriate.

**C. Permanent Injunctive Relief is Appropriate**

The Court also finds that final, prospective injunctive relief is appropriate to ensure that the unlawful conduct Petitioner sustained in May is not repeated.[2] Habeas relief is not limited to "discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." Carafas v. LaVallee, 391 U.S. 234, 239 (1968). Title 28 U.S.C. § 2243 expressly provides that "[t]he court shall ... dispose of the matter as law and justice require." A permanent injunction may be entered, at the discretion of the District Court, where a petitioner shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would

[2] The Temporary Restraining Order not only compelled Petitioner's immediate release, but also prohibited revocation of that release and re-detaining Petitioner unless and until he receives adequate notice and a hearing to determine the legality of such revocation and re-detention. See Doc. No. 13 at 13:21-23. Respondent did not address such prospective injunctive relief in his Answer.

not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, (2006).

Petitioner has made such a showing here. First, he has suffered an irreparable injury by being detained without due process of law. Petitioner would again suffer such an injury if Respondent repeated such conduct. Second, legal remedies such as damages would be inadequate to cure the unconstitutional loss of Petitioner's liberty while he is in detention awaiting court action on another habeas petition challenging the legality of his detention. And finally, the balance of hardships and public interest in requiring Respondent to provide basic due process in the event the government again seeks to re-detain Petitioner, versus forcing Petitioner again to suffer detention and sue to win his release, favor the imposition of a limited injunction against future re-detention without notice and a pre-deprivation hearing. Thus, a permanent injunction prohibiting Respondent from re-detaining Petitioner absent notice and an opportunity to be heard is appropriate in order to dispose of this Petition as law and justice require.

## 5. CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS** Petitioner's Application for a Temporary Restraining Order (Doc. No. 6.).

IT IS HEREBY ORDERED that:

1. Respondent is ORDERED to release Petitioner STEPHEN OKENWA (A-095-711-047) immediately from immigration custody, subject only to the conditions of his prior release before being re-detained on May 18, 2026.

2. Respondent is ENJOINED and restrained from revoking Petitioner's release and re-detaining him unless and until Petitioner receives adequate notice and a hearing to determine the legality of such revocation and re-detention.

3. This final Order replaces the Temporary Restraining Order in this case (Doc. No. 13).

4. The Order to Show Cause why a preliminary injunction should not issue is DISCHARGED, and the October 16, 2026, hearing thereon is VACATED.

IT IS SO ORDERED.

DATED: October 15, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE